# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>FTX DIGITAL MARKETS LTD.,[1]<br><br>       Debtor in a Foreign<br>       Proceeding. | Chapter 15<br><br>Case No. 22-11217 (JTD)<br><br>Re: Dockets Nos. 1, 2, 5, 25, 26, 122 & 124 |

## ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF

This matter was brought before the Court by Brian C. Simms, Kevin G Cambridge, and Peter Greaves (the "**Joint Provisional Liquidators**"), in their capacities as the joint provisional liquidators of FTX Digital Markets Ltd. ("**FTX Digital**"), in provisional liquidation in the Commonwealth of The Bahamas (the "**Bahamian Provisional Liquidation**") pursuant to the Companies (Winding Up Amendment) Act, 2011 (the "**CWUA Act**").

The Joint Provisional Liquidators filed a *Verified Petition for Recognition of Foreign Main Proceeding and Certain Related Relief* (together with the Official Form 401 Chapter 15 Petition for Recognition of a Foreign Proceeding filed therewith, the "**Petition**")[2] on November 15, 2022, commencing the above-captioned case (the "**Chapter 15 Case**") under chapter 15 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "**Bankruptcy Code**"),[3] for entry of an Order (this "**Order**") (a) granting the Petition and recognizing the Bahamian Provisional

---

[1] FTX Digital Markets Ltd. (in Provisional Liquidation) was incorporated in the Commonwealth of The Bahamas as an International Business Company, registered number 207269B.

[2] All capitalized terms not otherwise defined shall have the meanings ascribed to them in the Petition.

[3] The Petition was filed on November 15, 2022 with the United States Bankruptcy Court for the Southern District of New York (the "**SDNY Bankruptcy Court**"). On November 22, 2022, this Court entered an agreed order [Docket No. 25] transferring venue of the Chapter 15 Case from the SDNY Bankruptcy Court to this Court.

Liquidation as the "foreign main proceeding" for FTX Digital pursuant to section 1517 of the Bankruptcy Code, and all relief included therewith as provided in section 1520 of the Bankruptcy Code; (b) recognizing the Joint Provisional Liquidators as the "foreign representatives" of FTX Digital, as defined in 11 U.S.C. § 101(24) of the Bankruptcy Code, in respect of the Bahamian Provisional Liquidation; (c) granting the Additional Relief (as defined below); and (d) granting such other and further relief as the Court deems just and proper; and it appearing that this Court has jurisdiction to consider the Petition pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.) (the "**Amended Standing Order**"); and venue for this proceeding being proper before this Court under to 28 U.S.C. § 1410; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and the Court having reviewed (i) the Petition, (ii) the Simms Declaration and the exhibits thereto, (iii) the STR Declaration and the exhibits thereto, and (iv) the statements of counsel and any evidence adduced with respect to the Petition at a hearing, if any, before this Court (the "**Hearing**"); and appropriate and timely notice of the Petition and the Hearing having been given, and no other or further notice being necessary or required; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having determined that the relief sought in the Petition is in the best interest of FTX Digital and all parties in interest; and that the legal and factual bases in the Petition establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

      **THE COURT HEREBY FINDS AND DETERMINES THAT**:

      A.    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To

the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

  B.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order.

  C.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

  D.  Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

  E.  The Joint Provisional Liquidators properly commenced this Chapter 15 Case pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

  F.  The Joint Provisional Liquidators have satisfied the requirements of section 1515 of the Bankruptcy Code, Bankruptcy Rules 1007(a)(4), 2002(q), and 7007.1, and Rule 2002-1(h) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

  G.  FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (the "**Chapter 11 Debtors**") have objected to the recognition of the Bahamian Provisional Liquidation and the Joint Provisional Liquidators, and such objection has been consensually resolved pursuant to the Settlement and Cooperation Agreement, dated January 6, 2023 (the "**Cooperation Agreement**"), among the Chapter 11 Debtors and the Joint Provisional Liquidators, and the Chapter 11 Debtors have consented to the entry of this Order solely on the terms and conditions set forth herein, including without limitation Paragraph 9 of the Order.

  H.  The Chapter 11 Debtors have sought recognition of certain Chapter 11 cases pending before this Court in respect of the Chapter 11 Debtors (the "**Chapter 11 Cases**") in The Bahamas, and the Chapter 11 Debtors and the Joint Provisional Liquidator have agreed in the

Cooperation Agreement that entry of this Order shall be subject to and effective only upon the entry of an order providing analogous relief to the Chapter 11 Debtors in The Bahamas in form and substance reasonably satisfactory to the Chapter 11 Debtors (a "**Bahamian Recognition Order**").

I. The Bahamian Provisional Liquidation is a "foreign proceeding" as defined in section 101(23) of the Bankruptcy Code and is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

J. FTX Digital's center of main interests is located in the Commonwealth of The Bahamas, which is also where the Bahamian Provisional Liquidation is pending. Accordingly, the Bahamian Provisional Liquidation is the "foreign main proceeding" of FTX Digital, as that term is defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as such pursuant to section 1517(b)(1) of the Bankruptcy Code.

K. The Joint Provisional Liquidators are the duly appointed "foreign representatives," within the meaning of section 101(24) of the Bankruptcy Code, of the Bahamian Provisional Liquidation for FTX Digital.

L. FTX Digital and the Joint Provisional Liquidators are entitled to the additional relief set forth in Paragraphs 6 through 7 below (the "**Additional Relief**") pursuant to sections 1521(a)(4), 1521(a)(5), and 1521(b) of the Bankruptcy Code.

M. The relief granted hereby will not cause undue hardship or inconvenience to any party in interest and, to the extent that any hardship or inconvenience may result to such parties, it is outweighed by the benefits of the requested relief to the Joint Provisional Liquidators, FTX Digital, its estate, and all of its creditors.

N.  The relief granted hereby is necessary and appropriate to effectuate the purposes and objectives of chapter 15 of the Bankruptcy Code and to protect FTX Digital, its creditors, and other parties in interest, is in the interests of the public and international comity, is not manifestly contrary to the public policy of the United States, and is warranted pursuant to sections 1517, 1520, and 1521 of the Bankruptcy Code.

O.  The Additional Relief is necessary to protect and preserve the value of the assets of FTX Digital and the interests of their creditors as required by section 1521(a) of the Bankruptcy Code.

P.  The Additional Relief is warranted pursuant to section 1521(e) of the Bankruptcy Code.

Q.  The interests of FTX Digital's creditors and other interested entities, including FTX Digital, are sufficiently protected in the Court's grant of the Additional Relief, as required by sections 1521(b) and 1522(a) of the Bankruptcy Code.

R.  The Joint Provisional Liquidators have demonstrated that there is a material risk that FTX Digital will suffer irreparable harm in the absence of the Additional Relief.

S.  For purposes of this Order and the relief granted herein, the balance of harms favors granting the Additional Relief.

T.  For purposes of this Order and the relief granted herein, the Additional Relief granted serves the public interest.

U.  No security is required under Rule 65(c) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7065, or otherwise.

V.  Appropriate notice of the filing of, and the Hearing on, the Petition was given. Such notice is deemed adequate for all purposes, and no further notice need be given.

For all of the foregoing reasons, and upon the record of the Hearing, if any, and all of the proceedings had before the Court, and after due deliberation and sufficient case appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Petition is granted as set forth herein.

2. All objections, if any, to the Petition or the relief requested therein that have not been waived or settled, and all reservations of rights included therein, are hereby overruled on the merits, subject to the terms and conditions of this Order.

3. The Bahamian Provisional Liquidation is granted recognition as the foreign main proceeding of FTX Digital pursuant to section 1517 of the Bankruptcy Code.

4. All relief and protection afforded to foreign main proceedings under section 1520 of the Bankruptcy Code is hereby granted to the Bahamian Provisional Liquidation, FTX Digital, FTX Digital's property located in the United States, and the Joint Provisional Liquidators, as applicable, including application of the sections 1520(a) and 362 of the Bankruptcy Code stay to bar actions against FTX Digital and/or property of FTX Digital located within the territorial jurisdiction of the United States upon entry of this Order, subject in each case to Paragraphs 9 and 15 below.

5. The Joint Provisional Liquidators are the duly appointed foreign representatives of the Bahamian Provisional Liquidation with respect to FTX Digital, within the meaning of section 101(24) of the Bankruptcy Code, and are authorized to act on behalf of FTX Digital in this Chapter 15 Case, including pursuant to section 1509(b) of the Bankruptcy Code.

6. All of the property of FTX Digital within the territorial jurisdiction of the United States is entrusted to the Joint Provisional Liquidators, and the Joint Provisional Liquidators are

appointed as the exclusive representatives of FTX Digital pursuant to sections 1521(a)(5) and 1521(b) of the Bankruptcy Code, subject to applicable U.S. law (including, without limitation, the Bankruptcy Code) and Paragraphs 9 and 15 below.

7.    The Joint Provisional Liquidators shall have the ability to seek authority from the Court to examine witnesses, take evidence, and seek the production of documents from parties located in the United States concerning the assets, affairs, rights, obligations, or liabilities of FTX Digital to the full extent provided to a debtor in possession under Bankruptcy Rule 2004 and Local Rule 2004-1, as deemed appropriate in the Joint Provisional Liquidators' discretion pursuant to section 1521(a)(4) of the Bankruptcy Code, subject in each case to Bankruptcy Rule 2004 and Local Rule 2004-1 and to Paragraphs 9 and 15 below.

8.    No action taken by the Joint Provisional Liquidators, FTX Digital, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of, or in connection with, the Bahamian Provisional Liquidation, this Order, this Chapter 15 Case, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the rights or benefits afforded such persons under sections 306 and 1510 of the Bankruptcy Code.

9.    Nothing in this Order or any relief granted hereby: (a) shall constitute a determination that any property constitutes property or assets of FTX Digital; (b) constitutes relief from the automatic stay in the Chapter 11 Cases; (c) requires the Court in the Chapter 11 Cases to defer to any decision in the Bahamian Liquidation Proceeding with respect to (or alter the Court's *de novo* or other applicable standard of review of) any matter raised by the Chapter 11 Debtors before the Court in the Chapter 11 Cases with respect to property of the estate of the Chapter 11 Debtors (including without limitation the scope of property of the estate, the application or

extension of the automatic stay or the compromise or discharge of estate or third party claims in connection with a plan of reorganization); or (d) affects, limits or modifies the effectiveness of sections 362(b), 1519(d) or 1521(d) of the Bankruptcy Code.

10. A copy of this Order shall be served by the Joint Provisional Liquidators within seven business days of entry of this Order by facsimile, electronic mail, where available, or overnight express delivery on the parties listed on **Exhibit 1** attached hereto (the "**Notice Parties**"), and such service shall be good and sufficient service and adequate notice for all purposes.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to implementation of this Order, including, but not limited to (a) the enforcement, amendment or modification of this Order; (b) any requests for additional relief or any adversary proceeding brought in or through this Chapter 15 Case; and (c) any request by an entity for relief from the provisions of this Order, for cause shown, as to any of the foregoing, and provided the same is properly commenced and within the jurisdiction of this Court.

12. This Order is without prejudice to the Joint Provisional Liquidators requesting any additional relief in the Chapter 15 Case, including seeking enforcement in the United States of any orders issued by a court in the Commonwealth of The Bahamas with jurisdiction over the Bahamian Provisional Liquidation, or the right of any party in interest to object to such additional relief.

13. Notwithstanding anything to the contrary contained herein or provision in the Bankruptcy Rules to the contrary, including, without limitation, Bankruptcy Rule 6004(h): (a) the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a); (b) the Joint Provisional

Liquidators are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Joint Provisional Liquidators are authorized to take all actions necessary to effectuate the relief granted by this Order.

14. To the extent that the Bahamian Recognition Order has not been entered, then the Chapter 11 Debtors (and only the Chapter 11 Debtors) may move the Court to rescind the recognition of the Bahamian Provisional Liquidation for FTX Digital based on any arguments or grounds that could have been asserted at the Hearing or otherwise, provided that any such motion must be made by the Chapter 11 Debtors within 30 days of entry this Order.

15. For the avoidance of doubt, nothing in this Order limits (1) the effectiveness of sections 362(b), 1519(d) or 1521(d) of the Bankruptcy Code or (2) the ability of the United States to assert any rights or powers it might have under applicable law, including, without limitation, its criminal, police or regulatory powers, with respect to any property or assets of FTX Digital located within the territorial jurisdiction of the United States.

16. The rights of the United States and the Joint Provisional Liquidators are preserved to assert any argument relating to the Court's jurisdiction in connection with any action or proceeding related to FTX Digital or its current or former management, officers, directors, affiliates or related parties.

Dated: February 15th, 2023
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE